IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

CHRISTINE L. PORTER,

                                                                OPINION and ORDER

               Petitioner,

                                                                  08-cv-635-bbc

        v.

JOHN, Investigator Medicaid Fraud Control;
DR. BURKE RICHMOND, ENT Physician;
DR. ROWE ENT Physician; DR. PETERSON;
DR. PANKAJ GUPTA, ENT Physician;
DR. JAMES GOODSET, Doctor of Internal Medicine;
DR. JAMES SEHLOFF, Doctor of Pulmonology;
DR. LAURENCE WILLIAMS, Doctor of Internal Medicine;
DR. PHILLIP KURLE, Doctor of Neurology;
DR. PAUL HICK, Emergency Room Doctor;
WISCONSIN DEPARTMENT OF REGULATION
AND LICENSING; WALGREENS DRUG STORE,
on Cottage Grove in Madison, Wisconsin;

               Respondents.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

      Petitioner Christine Porter is seeking leave to proceed in this civil action under the in forma pauperis statue, 28 U.S.C. § 1915. In an order dated November 18, 2008, I concluded that petitioner qualified financially for indigent status. However, I dismissed her complaint because it violated Fed. R. Civ. P. 8. I told petitioner that her case would be

1

dismissed in its entirety unless, on or before December 1, 2008, petitioner filed an amended complaint that cured the Rule 8 deficiencies.

Now petitioner has submitted an amended complaint in which she has alleged facts sufficient to make out possible claims for medical malpractice and discrimination. Because petitioner's complaint offers no allegations of unequal treatment based on race, sex, age or disability, her claim for discrimination will be dismissed for failure to state a claim upon which relief may be granted. I will decline to exercise supplemental jurisdiction over petitioner's state law medical malpractice claim pursuant to 28 U.S.C. § 1367(c)(3) because I have dismissed her federal claim. Thus, petitioner's request for leave to proceed in forma pauperis will be denied and her complaint will be dismissed.

In addressing any pro se litigant's complaint, the court must read the allegations of the complaint generously. Haines v. Kerner, 404 U.S. 519, 521 (1972). In her complaint and attached materials, petitioner alleges the following facts.

ALLEGATIONS OF FACT

A. Medical Malpractice

Petitioner suffered a grand mal seizure and brain damage because of complications arising from the interaction of her prescription drugs. In order to prevent additional seizures petitioner is required to take Topamax, to which she is allergic. Respondents Dr. Richmond

2

and Dr. Gupta did "'Pike maneuvers' that were not necessary." Respondent Walgreens informed her that "they didn't have time to check for drug allergies."

### B. Discrimination

Petitioner asked respondent John from the Medicaid Fraud Division to investigate the incident surrounding her over medication. However, John told petitioner that he did not have enough staff and "that there wasn't a case." After speaking with the FDA about her experience with respondent John, "it was found that [she had] been discriminated against." Respondent Wisconsin Department of Regulation and Licensing discriminated against petitioner by dismissing her complaints against the respondent doctors. The remaining respondents discriminated against petitioner because "nobody would act on the situation."

OPINION

At the pleading stage, the liberal requirements of notice pleading are "particularly" liberal for equal protection claims. See Bennett v. Schmidt, 153 F.3d 516 (7th Cir. 1998)(sufficient to state "I was turned down a job because of my race" to state equal protection claim). However, petitioner's allegations of discrimination are entirely conclusory. She alleges no facts from which an inference may be drawn that she was either treated differently or denied benefits because of her race, sex, age or disability. In addition,

3

with respect to respondents Dr. Richmond, Dr. Rowe, Dr. Peterson, Dr. Gupta, Dr. Goodset, Dr. Sehloff, Dr. Kurle, Dr. Williams, Dr. Hick and Walgreens, petitioner offer no facts suggesting what these respondents did to discriminate against her. Perhaps petitioner believes that respondents John from the Medicaid Fraud Division and Wisconsin Department of Regulation and Licensing did not respond to her medical malpractice complaint in the manner she desired. If so that is unfortunate, but it does not state a claim for discrimination. Because petitioner has failed to allege any facts supporting a claim for discrimination, this claim must be dismissed for failure to state a claim on which relief may be granted.

This leaves petitioner's state law claim for medical malpractice. Under 28 U.S.C. § 1367(c)(3), a district court may decline to exercise supplemental jurisdiction over state law claims when all of the federal claims have dropped out of the case. Segal v. Geisha NYC LLC, 517 F.3d 501, 506 (7th Cir. 2008)("Because the district court properly dismissed Segal's sole federal-law claim and nothing bars Segal from pursuing his claims in state court, it was completely appropriate for the court to relinquish its jurisdiction over the remaining state-law claims under 28 U.S.C. § 1367(c)(3)."). Accordingly, I decline to exercise supplemental jurisdiction over petitioner's state law claim and will dismiss it without prejudice to her refiling it in state court if she so chooses.

4

ORDER

IT IS ORDERED that

1. Petitioner Christine Porter's request for leave to proceed <u>in</u> <u>forma</u> <u>pauperis</u> on her claim that she has been subjected to discrimination in violation of the Fourteenth Amendment is DENIED for failure to state a claim upon which relief may be granted.

2. Petitioner's state law claim of medical malpractice is DISMISSED without prejudice to petitioner's refiling that claim in state court.

3. The clerk of court is directed to close the file.

Entered this 9th day of December, 2008.

BY THE COURT:

/s/

_____
BARBARA B. CRABB
District Judge

5